IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DALE W. LASH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 09-3247 |
| ) | |
| DONALD GAETZ, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION

This matter comes before the Court on Petitioner Dale W. Lash's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and Claim of Supplemental Jurisdiction Under 28 U.S.C. § 1367 (d/e 1) (Petition). For the reasons set forth below, the Petition is denied.

## BACKGROUND

On February 8, 2001, a jury in Sangamon County, Illinois, Circuit Court found Petitioner Dale Lash guilty of five counts of aggravated criminal sexual assault, one count of armed robbery, and one count of aggravated unlawful restraint. On March 30, 2001, the state court sentenced Lash to thirty years on the first count of criminal sexual assault

1

and six years on each of the remaining four counts of criminal sexual assault, all to run consecutively; six years on the armed robbery conviction, to run consecutively to the other sentences; and three years on the aggravated unlawful restraint conviction, to run concurrently to the other counts. Answer to Petitioner's Petition for a Writ of Habeas Corpus (d/e 7)(Answer), Exhibit A, People v. Lash, Ill. App. Ct. 4th Dist., Case No. 4-01-0517, Brief and Argument for Defendant-Appellant (Direct Appeal Brief), doc. 7-2 at 9.[1]

Thereafter, Lash engaged in three rounds of review of his conviction in state court. The Court outlines the procedural history by each round of review.

I.   DIRECT APPEAL

Lash appealed his sentence to the Illinois Appellate Court. Lash's appellate counsel raised three issues on appeal. The Court summarizes the three issues as follows:

1.   The prosecutor violated petitioner's right against self-incrimination by commenting during rebuttal argument about petitioner's decision not to testify, especially about

---

[1] The page numbers used to refer to the Exhibits to the Answer are the document and page numbers assigned by the Court's electronic filing system. Several of the Exhibits to the Answers do not contain page numbers.

> his defense of consent;
>
> 2. The trial court erred as a matter of law by imposing a consecutive sentence for armed robbery; and
>
> 3. The trial court erred by failing to submit the element of "serious bodily injury" to the jury before imposing a consecutive sentence on armed robbery in violation of his right to trial by jury as set forth in <u>Apprendi v. New Jersey</u>.[2]

<u>Id.</u>, doc. 7-2 at 8.

On April 19, 2004, Lash filed a motion for leave to file a pro-se supplemental brief in his direct appeal before the Illinois Appellate Court. <u>Answer</u>, Exhibit B, <u>People v. Lash</u>, Ill. App. Ct. 4th Dist., Case No. 4-01-0517, <u>Motion for Leave to File Pro-se Supplemental Appeal Brief, and for Extention (sic) of Time on Which to File the Brief</u>. The Illinois Appellate Court denied Lash's request. <u>Answer</u>, Exhibit C, <u>People v. Lash</u>, Ill. App. Ct. 4th Dist., Case No. 4-01-0517, <u>Order denying Request entered April 21, 2004</u>. The Appellate Court affirmed the conviction and sentence on September 2, 2004. <u>Answer</u>, Exhibit F, <u>People v. Lash</u>, Ill. App. Ct. 4th Dist., Case No. 4-01-0517, <u>Order entered September 2, 2004</u>.

Lash then filed a Petition for Leave to Appeal (PLA) to the Illinois

---

[2]<u>Apprendi</u>, 530 U.S. 466 (2000).

Supreme Court on his direct appeal. Lash raised four issues before the Supreme Court. The Court summarizes the issues as follows:

1. The prosecutor violated Lash's right to a fair trial by commenting during rebuttal argument about Lash's decision not to testify;

2. The prosecutor violated Lash's right to a fair trial by commenting during rebuttal argument about irrelevant and inadmissible evidence as to what petitioner believed about the veracity of the state's key witness;

3. The trial court erred in imposing a consecutive sentence for armed robbery; and

4. The trial court erred by failing to submit the element of "serious bodily injury" to the jury before imposing a consecutive sentence on armed robbery in violation of the right to trial by jury and due process pursuant to Apprendi v. New Jersey.

Answer, Exhibit G, People v. Lash, Ill. Sup. Ct., Case No. 99454. Petition for Leave to Appeal. On January 26, 2005, the Illinois Supreme Court denied Lash's request for a PLA. Answer, Exhibit H, People v. Lash, Ill. Sup. Ct. ,Case No. 99454, Order Denying PLA. Lash then filed a petition for certiorari to the United States Supreme Court.

On May 23, 2005, the Supreme Court denied Lash's Petition for certiorari on his direct appeal. Answer, Exhibit I, Lash v. Illinois, Sup. Ct., Case No. 04-9609, Order Denying Petition for Certiorari entered May 23,

2005.

II.     ORIGINAL COLLATERAL PETITIONS

While the appeal was pending, Lash began filing a series of pro-se collateral attacks on his conviction in state court. On June 12, 2002, Lash filed a petition to vacate the judgment pursuant to 735 ILCS 5/2-1401(a). Answer, Exhibit J, People v. Lash, Sang. Co. Ill. Cir. Ct., Case No. 99-CF-843, Petition to Vacate Judgment. On October 5, 2002, Lash filed an amended petition to vacate the judgment. Answer, Exhibit K, People v. Lash, Sang. Co. Ill. Cir. Ct., Case No. 99-CF-843, Amended Petition to Vacate Judgment. On January 10, 2003, Lash filed another amended pro-se petition to vacate the judgment. Answer, Exhibit L, People v. Lash, Sang. Co. Ill. Cir. Ct., Case No. 99-CF-843, Amended Petition to Vacate Judgment.

On March 1, 2004, Lash filed a pro-se petition for post-conviction relief pursuant to the Illinois Post-Conviction Hearing Act. 725 ILCS 5/122-1 et seq. On May 3, 2004, Lash filed a motion for leave to file an amended post-conviction petition. On May 24, 2004, the Circuit Court dismissed the post-conviction petition without prejudice to re-file after completion of the direct appeal. Answer, Exhibit S, People v. Lash, Ill. App.

Ct. 4th Dist., Case Nos. 4-05-0303 & 4-05-0534, <u>Order entered January 31, 2008</u>, doc. 7-4 at 38.

On March 4, 2005, the Sangamon County Circuit Court dismissed Lash's pro-se § 5/2-1401(a) petitions to vacate the judgment. <u>Answer</u>, Exhibit M, <u>People v. Lash</u>, Sang. Co. Cir. Ct., Case No. 99-CF-843, <u>Order entered March 4, 2005</u>. Lash appealed.

On March 7, 2005, Lash filed a second post-conviction petition. <u>Answer</u>, Exhibit N, <u>People v. Lash</u>, Sang. Co. Cir. Ct., Case No. 99-CF-843, <u>Verified Petition for Post Conviction Relief</u>.

On May 24, 2005, the Sangamon County Circuit Court dismissed Lash's 2005 post-conviction petition. <u>Answer</u>, Exhibit O, <u>People v. Lash</u>, Sang. Co. Cir. Ct., Case No. 99-CF-843, <u>Order entered May 24, 2005</u>. Lash appealed.

The Illinois Appellate Court consolidated Lash's appeals of the dismissals of his motions to vacate the judgment and post-conviction petitions (collectively the Original Collateral Petitions). Lash raised three issues on appeal:

1. Whether the summary dismissal of Dale Lash's pro-se post-conviction petition must be vacated and this cause remanded to the circuit court for the appointment of

6

        counsel and further proceedings under the Post-Conviction Hearing Act because the trial court failed to rule on the petition within 90 days as is required by statute.

2.     Whether the trial court erred in summarily dismissing Mr. Lash's Section 2-1401 petition.

3.     Whether in the event this court refuses to grant Dale Lash post-conviction counsel, Mr. Lash should be allowed to file a new post-conviction petition since he was denied his constitutional right to the effective assistance of appellate counsel when the circuit court failed to produce the complete record on appeal [The Clerk failed to produce attachments to Lash's post-conviction petition].

Answer, Exhibit P, People v. Lash, Ill. App. Ct., Case Nos. 4-05-0534 and 4-05-0303, Brief and Argument for Petitioner-Appellant, doc. 7-3 at 111. Lash did not raise any other issues before the Illinois Appellate Court.

On January 31, 2008, the Illinois Appellate Court affirmed the dismissal of the Original Collateral Petitions. Answer, Exhibit S, People v. Lash, Ill. App. Ct. 4th Dist., Case Nos. 4-05-0534 and 4-05-0303, Order entered January 31, 2008. Lash filed another PLA with the Illinois Supreme Court. Lash raised several issues in the PLA that were not raised before the Illinois Appellate Court, but did not raise the three issues quoted above that were presented to the Illinois Appellate Court. On September 24, 2008, the Illinois Supreme Court denied the PLA. Answer, Exhibit U, People v. Lash,

Ill. Sup. Ct., Case No. 106414, <u>Order Denying PLA entered September 24, 2008</u>.

III.   <u>2007 COLLATERAL PETITION</u>

On January 16, 2007, Lash filed yet another motion to vacate the judgment under § 2-1401 (2007 Collateral Petition). Lash raised one issue:

> 1.   The conviction was void and violated Lash's right to trial be jury because the trial court violated Illinois Supreme Court Rule 451(g) governing proceedings in which an enhanced sentence is sought.

<u>Answer</u>, Exhibit V, <u>People v. Lash</u>, Sang. Co. Cir. Ct., Case No. 99-CF-843, <u>Petition to Vacate Judgment Under Section 735 ILCS 5/2-1401(f)</u>, doc. 7-4 at 78. On March 19, 2007, the Sangamon County Circuit Court denied the 2007 Collateral Petition because Rule 451(g) did not apply to this case. <u>Answer</u>, Exhibit W, <u>People v. Lash</u>, Sang. Co. Cir. Ct., Case No. 99-CF-843, <u>Order entered March 19, 2007</u>. Lash again appealed.

Counsel was appointed to represent Lash in his appeal of the denial of the 2007 Collateral Petition. His counsel, however, filed a motion to withdraw because the appeal would be frivolous. <u>Answer</u>, Exhibit X, <u>People v. Lash</u>, Ill. App. Ct. 4th Dist., Case No. 4-07-0291, <u>Motion to Withdraw as Counsel on Appeal (Pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987)</u>.

Lash responded.  <u>Answer</u>, Exhibit Y, <u>People v. Lash</u>, Ill. App. Ct. 4th Dist., Case No. 4-07-0291, <u>Petitioner's Response to Appellate Defender's Motion to Withdraw as Counsel on Appeal</u>.

On April 30, 2008, the Illinois Appellate Court affirmed the dismissal of the 2007 Collateral Petition.  <u>Answer</u>, Exhibit BB, <u>People v. Lash</u>, Ill. App. Ct. 4th Dist., Case No. 4-07-0291, <u>Order entered April 30, 2008</u>.  Lash filed a third PLA with the Illinois Supreme Court.  <u>Answer</u>, Exhibit CC, <u>People v. Lash</u>, Ill. Sup. Ct., Case No. 106760, <u>Petition for Leave to Appeal</u>.  Lash did not mention Illinois Supreme Court Rule 451(g) in the PLA.  The Court summarizes the issues raised in the PLA as follows:

1. Lash received ineffective assistance of appellate counsel before the Illinois Appellate Court on the appeal of the 2007 Collateral Petition; and

2. The Appellate Court lacked jurisdiction because the Illinois Circuit judge's order denying the 2007 Collateral Petition was void, and so the matter should be remanded to the Illinois Circuit Court for further proceedings.

<u>Id.</u>, at doc. 7-4, at 128-30.  On September 24, 2008, the Illinois Supreme Court denied the PLA.  <u>Answer</u>, Exhibit DD, <u>People v. Lash</u>, Ill. Sup. Ct., Case No. 106760, <u>Order Denying PLA entered September 24, 2008</u>.  The Supreme Court denied the PLA on the 2007 Collateral Petition on the same

9

day that it denied the PLA on the Original Collateral Petitions.

Lash then filed this § 2254 Petition. Lash raised twenty-three issues in the § 2254 Petition. The Court summarizes the issues as follows:

1. The state fraudulently suppressed exculpatory evidence regarding identification;

2. Illegal seizure of items not listed on search warrant, and use of said items as state evidence during trial;

3. Illegal seizure of confidential records by use of illegal subpoenas duces tecum and procedures, and use of said records as evidence during trial;

4. Illegal use of unidentified evidence at trial by the state [i.e. an audio tape], evidence that state knowingly falsely identified and presented as originating from the Petitioner;

5. Illegal use of unidentified DNA evidence at trial by the state, evidence that the state <u>did</u> <u>not</u> positively identify at any time, but claimed originated from alleged victim and Petitioner;

6. Illegal fraudulent suppression by the state of exculpatory evidence in the form of pre-trial interview statements from forty-five (45) state witnesses, including those of the key state witness and alleged victim Shadis, and technicians employed at the Illinois State Police Crime Lab.;

7. Illegal fraudulent suppression by the state of an internal investigation of Illinois State Police Crime Lab Forensic Analyst Mary Margarette Greer-Ritzheimer. Ritzheimer handled the DNA evidence in this case. Ritzheimer intentionally altered DNA test results in four other cases. Suppression of evidence of questionable DNA testing procedures and results by the Illinois State Police constitutes suppression of exculpatory evidence that could have been used to challenge the accuracy and reliability of the DNA evidence and to impeach state

    witnesses;

8. Illegal seizure of Lash's DNA because the Court ordered personnel from a local hospital to collect the DNA sample, but the sample was collected by an individual who had no training in evidence collection and who could not positively identify the sample presented at trial as the sample that he collected;

9. The prosecutors improperly allowed alleged victim Shadis to present testimony that the prosecutors knew to be perjury, and the prosecutors did nothing to correct the perjured testimony, and even condoned the testimony;

10. The prosecutors improperly allowed a witness named Ms. Hunter to present testimony that the prosecutors knew to be perjury, and the prosecutors did nothing to correct the perjured testimony, and even condoned the testimony;

11. The prosecutors improperly allowed Springfield Police Detective Williamson to present testimony that the prosecutors knew to be perjury, and the prosecutors did nothing to correct the perjured testimony, and even condoned the testimony;

12. Ineffective assistance of trial counsel because trial counsel had evidence of faulty DNA testing by the Illinois State Police, and did not use such evidence to impeach the state's expert witness who presented the state's DNA evidence;

13. Ineffective assistance of trial counsel for failing to object to the state's use of illegal procedures used to obtain confidential and private paperwork and statements by the state's witnesses;

14. Ineffective assistance of trial counsel for failing to object to the admission of unidentified physical evidence and improperly identified DNA evidence;

15. Ineffective assistance of trial counsel for failing to object to the

    admission of unidentified physical evidence;

16. Ineffective assistance of trial counsel for failing to object to the admission of unidentified and illegally obtained physical evidence;

17. Ineffective assistance of trial counsel for failing to object to the state's illegal suppression of exculpatory evidence contained in statements that forty-five witnesses gave to the state during pre-trial interviews;

18. Ineffective assistance of counsel at the hearing on post-trial motions;

19. Ineffective assistance of counsel on direct appeal;

20. The Circuit Court judge violated Lash's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments;

21. Ineffective assistance of counsel in connection with the appeal of the Original Collateral Petitions and the 2007 Collateral Petition because counsel refused to argue that the presiding Circuit Court judge's orders were void for lack of jurisdiction;

22. The Illinois Appellate Court for the Fourth District violated Lash's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments; and

23. The Illinois Supreme Court violated Lash's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments by denying the PLA in the appeal of the Original Collateral Petitions.

Petition, at 11-81.  The Respondent filed his Answer on December 29, 2009.  Lash filed his reply on February 3, 2010.  Petitioner Response (d/e 8).  Respondent asks the Court to deny the § 2254 Petition because the issues raised in the § 2254 Petition were procedurally defaulted.  The Court

agrees for the reasons set forth below.

## ANALYSIS

In general, a prisoner in state custody may not secure federal habeas relief unless he has first properly presented his claims in state court and gave the state a full opportunity to address those claims. The failure to do so constitutes a procedural default. Johnson v. Pollard, 559 F.3d 746, 751-52 (7th Cir. 2009). To meet this requirement, the prisoner must submit his claims for one complete round of review at each level of the state court process. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In this case Lash initiated three rounds of proceedings: the Direct Appeal, the Original Collateral Petitions, and the 2007 Collateral Petition. To avoid a procedural default, Lash needed to present an issue at each level within a single round of review, i.e., to the Illinois Appellate Court and the Illinois Supreme Court on the Direct Appeal; and to the Sangamon County Circuit Court, the Illinois Appellate Court, and the Illinois Supreme Court on the Original Collateral Petitions and the 2007 Collateral Petition. The failure to present the issue at any level within a single round of the state judicial process results in a procedural default. Johnson, 559 F.3d at 751-52; Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004).

Lash presented the following issues at every level of his Direct Appeal:

1. The prosecutor violated petitioner's right against self incrimination by commenting during rebuttal argument about petitioner's decision not to testify, especially about his defense of consent;

2. The trial court erred as a matter of law by imposing a consecutive sentence for armed robbery; and

3. The trial court erred by failing to submit the element of "serious bodily injury" to the jury before imposing a consecutive sentence on armed robbery in violation of his right to trial by jury as set forth in Apprendi v. New Jersey.

Lash presented no issues at each level of review in either the Original Collateral Petitions or the 2007 Collateral Petition. As quoted above, Lash raised three issues to the Appellate Court in the appeal of the Original Collateral Petitions, but did not raise any of those same issues in the PLA to the Illinois Supreme Court. Lash raised one issue in the 2007 Collateral Petition filed in the Circuit Court (that the Circuit Court violated Illinois Supreme Court Rule 451(g)), but Lash did not raise this issue in his PLA before the Supreme Court. Lash presented other issues in some of his filings, but he did not raise those issues at every level within a single round of review.

Lash, therefore, only gave the state the full opportunity to address the

14

three issues raised in his Direct Appeal before both the Illinois Appellate Court and the Illinois Supreme Court. All other issues are procedurally defaulted. Lash's Petition before this Court does not raise any of the three issues properly preserved for habeas review. Lash's § 2254 Petition, therefore, is procedurally defaulted. Lewis, 390 F.3d at 1025.

Lash may only proceed before this Court on procedurally defaulted claims if he can establish cause and prejudice for the default, or he can demonstrate a fundamental miscarriage of justice. House v. Bell, 547 U.S. 518, 536 (2006). To establish cause and prejudice, Lash must demonstrate: (1) that some objective factor external to the defense impeded his compliance with state procedural rules, and (2) this external factor worked to his actual substantial disadvantage and thereby infected his trial with constitutional error. Coleman v. Thompson, 501 U.S. 722, 724 (1991); Ouska v. Cahill-Masching, 246 F.3d 1036, 1050 (7th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Lash fails to present any evidence of external factors that impeded him in this manner. He complains repeatedly about the decisions of the Illinois courts to deny his various petitions. See generally, Petitioner's Response (d/e 8). The decisions of the Illinois Courts in his state proceedings are not external to

15

the process. Further, one court's denial of his claim did not impede him from raising the issue at the next level of review. The adverse decisions on his petitions do not form a basis for cause and prejudice to overcome the bar of his procedural default.

To establish a fundamental miscarriage of justice, Lash must make a claim that he is actually innocent and, further, demonstrate that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of new evidence. Schlup v. Delo, 513 U.S. 298, 327 (1995). Lash makes no claim of actual innocence. His Petition, therefore, is procedurally defaulted and dismissed.

The Court must also determine whether to issue a certificate of appealability. 28 U.S.C. § 2253(c); Rule 11 of Rules Governing § 2254 Cases. In this case, additional briefing is not necessary to make this determination. The Court dismisses the Petition because Lash's claims are procedurally defaulted. When a § 2254 petition is dismissed on procedural grounds, a certificate of appealability is appropriate only if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  No jurist of reason would find this Court's procedural ruling to be debatable. Lash's claims are procedurally defaulted, and Lash fails to demonstrate a basis to overcome the default.  This Court, therefore, cannot grant him a certificate of appealability.

THEREFORE, Petitioner Dale W. Lash's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and Claim of Supplemental Jurisdiction Under 28 U.S.C. § 1367 (d/e 1) is dismissed with prejudice.  The Court determines that no certificate of appealability should be issued.  All pending motions are denied as moot.  This case is closed.

ENTERED this 20th day of August, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE